IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE RETIRED PUBLIC EMPLOYEES
OF NEW MEXICO, Inc.,

      Plaintiff,

v.                                                                        No. CIV 1:19-cv-00891-WJ-KK

THE PUBLIC EMPLOYEES RETIREMENT
ASSOCIATION OF NEW MEXICO BOARD;
WAYNE PROPST, in his individual capacity,
And SUSAN PITTARD, in her individual capacity.

      Defendants.

## DEFENDANT PUBLIC EMPLOYEES RETIREMENT ASSOCIATION OF NEW MEXICO BOARD'S MOTION TO DISMISS[1]

**COMES NOW** Defendant Public Employees Retirement Association of New Mexico Board (hereinafter "PERA"), by and through its counsel of record, Park & Associates, L.L.C. (Alfred A. Park and Lawrence M. Marcus), and hereby moves this Honorable Court to dismiss all claims against PERA pursuant to Fed. R. Civ. P. Rule 12(b)(1), for lack of subject matter jurisdiction. For its Motion, PERA **STATES**:

### I.  PROCEDURAL BACKGROUND

On September 25, 2019, Plaintiff filed its Complaint in this Court. Plaintiff, The Retired Public Employees, Inc., states that it is a non-profit organization, and that its members are former public employees entitled to PERA retirement benefits. Plaintiff's Complaint [Doc. No. 1, filed Sept. 25, 2019], ¶ 2. Plaintiff alleges that PERA allowed its Executive Director, Wayne Propst, to improperly increase compensation for himself and other employees. Id., ¶¶25-27. Plaintiff

---

[1] Pursuant to District of New Mexico Local Rule 7.1 Counsel for PERA states that Counsel for the individual Defendants consent to this Motion.  Counsel has not heard from Counsel for Plaintiff and opposition is presumed at this time.

1

further alleges that this compensation was taken from funds that would have been used for retiree benefits. Id., ¶¶ 28-29.

Plaintiff brings its Complaint pursuant to 42 U.S.C. § 1983, as well as the New Mexico Constitution and common law. Plaintiff's complaint contains six causes of action.: 42 U.S.C. § 1983, United States Constitution -- Fourteenth Amendment Violations of Procedural Due Process (Count I), 42 U.S.C. § 1983, United States Constitution -- Fourteenth Amendment Violations of Substantive Due Process (Count II), 42 U.S.C. § 1983, United States Constitution --Fifth Amendment Unlawful Taking (Count III), New Mexico Constitution—Article II, Section 18 Violation of Procedural Due Process (Count IV), New Mexico Constitution—Article II, Section 18 Substantive Due Process (Count V), Breach of Fiduciary Duty (Count VI) . However, Plaintiff has not stated a claim against PERA. Quite simply, even assuming, *ad arguendo*, that it had a sufficient property interest in PERA's funds to bring litigation against it, its claims, to the extent that they are brought against PERA, are barred by the Eleventh Amendment to the United States Constitution. As a consequence, PERA is entitled to the dismissal of Plaintiff's Complaint for failure to state a claim.

## II.  LEGAL STANDARD FOR A MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

PERA moves to dismiss the instant case against it for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. Rule 12(b)(1). "Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms.  First, a facial attack on the complaint's allegations to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."  Holt v. U.S., 46 F.3d 1000, 1002-03 (10th Cir.

1995).  In the present case, even assuming all of the allegations of the Complaint to be true, this Court does not have jurisdiction over this case, insofar as it seeks damages against PERA.

In the instant case, as set forth below, Plaintiff's claims against PERA are barred by immunity under the Eleventh Amendment to the United States Constitution.  The United States Supreme Court has not decided whether Eleventh Amendment immunity is a matter of subject matter jurisdiction or whether it is merely a defense to a federal action.  Wisc. Dept. of Corrections v. Schacht, 524 U.S. 381, 391 (1998).  However, the Tenth Circuit has held that the Eleventh Amendment divests a Federal Court of jurisdiction over lawsuits in which a state entity is sued.  Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002); Thompson v. Colorado, 278 F.3d 1020, 1023 (10th Cir. 2001), *overruled on other grounds by* Klinger v. Director, Dept. of Revenue, State of Missouri, 455 F.3d 888, 895 (8th Cir. 2006). Because federal courts do not have jurisdiction over claims barred by the Eleventh Amendment, Plaintiff's Complaint, to the extent that it is alleged against PERA, lacks jurisdiction on its face. Therefore, Plaintiff's Complaint should be dismissed against PERA in its entirety.

### III.  PLAINTIFFS' SECTION 1983 CLAIMS AGAINST PERA ARE BARRED BY THE ELEVENTH AMENDMENT

#### a.  States are Immune from Suit in Federal Court by the Eleventh Amendment Except Under Statutes in Which Congress has Revoked the Immunity or Where the State has Waived Immunity

The Eleventh Amendment to the United States Constitution states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  While the plain language of the amendment does not include suits by citizens of the same state, the Supreme Court has repeatedly construed the amendment to bar such suits, as well.  *e.g.*  Edelman v. Jordan, 415 U.S. 651, 662-63 (1974);

Hans v. Louisiana, 134 U.S. 1 (1890).  Even if a state is not mentioned as a defendant by name, if a defendant is considered to be an "arm of the state," then the state is the real party in interest, and the suit is barred by the Eleventh Amendment.  *See, e.g,* Edelman, 415 U.S. at 663

In the case of a suit against a state for damages, there are only two exceptions to Eleventh Amendment immunity.  Congress can expressly abrogate the immunity of a state by creating a statutory cause of action.  Ward v. Presbyterian Health Services, 72 F. Supp. 2d 1285, 1289 (D.N.M. 1999), citing Archuleta v. Lacuesta, 131 F.3d 1359, 1361 (10th Cir. 1997) However, it can only do so pursuant to its powers under Section 5 of the Fourteenth Amendment.  Id., at 1290, citing Seminole Tribe of Florida v. Florida, 517 U.S. 44, 72-73 (1996).  In addition, a state can waive its immunity to suit in Federal Court.  However, a state's waiver of immunity under the Eleventh Amendment must be unequivocal. Id., at 1291.  As set forth below, it is undeniable that PERA is an "arm of the state."  As will also be shown below, it has been unequivocally held that Congress did not intend to abrogate a state's sovereign immunity when it enacted 42 U.S.C. §1983. Further, while the state of New Mexico has waived its sovereign immunity under certain circumstances, it has not waived its Eleventh Amendment immunity against lawsuits in Federal Court.

**b.  A State's Immunity under the Eleventh Amendment Extends to "Arms of the State," a Designation that Includes PERA**

As noted above, if an agency is an "arm of the state," suits against it are barred by the Eleventh Amendment. The Tenth Circuit has established a two pronged test for determining whether an agency is an "arm of the state."  "'[T]he court first examines the degree of autonomy given to the agency, as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state." Watson v. University of Utah Medical Center, 75 F.3d 569, 574 (10th Cir. 1996), citing Haldeman v. State of Wyo. Farm Loan Bd., 32

F.3d 469, 473 (10th Cir. 1994). If the agency in question is a state controlled, rather than autonomous entity, it meets the first prong of the test for Eleventh Amendment immunity. *See* Watson, 75 F.3d at 575. Second, the court examines the extent of financing the agency receives independent of the state treasury and its ability to provide for its own financing.'" Watson, 75 F.3d at 574-75, citing Haldeman, 32 F.3d at 473. (10th Cir. 1994). "The governmental entity is immune from suit if the money judgment sought is to be satisfied out of the state treasury." Watson, 75 F.3d at 575, citing Haldeman, 32 F.3d at 473.

In Watson, the Tenth Circuit held that the University of Utah was an arm of the state. Regarding the first test, the court held that the University was a "state controlled entity", because it was largely controlled by a sixteen member Board of Regents, fifteen members of which were appointed by the governor with the consent of the senate, and by a ten member Board of Trustees, eight members of which were appointed by the governor. Watson, 75 F.3d at 575. Regarding the second prong, the University was the beneficiary of a state Risk Management Fund, and the budget of the University was largely controlled by the Board of Regents, the legislature, and the governor.  Id.  In Haldeman, the Wyoming Farm Loan Board earned income from interest on the loans, but the interest was placed in a fund that was "strictly controlled by the legislature." 32 F.3d at 473. Because of this lack of autonomy over the funds, the Board was considered a governmental entity for the purposes of Eleventh Amendment immunity.  Id. at 474.

In the present case, PERA certainly qualifies as an "arm of the state."  In Public Employees Retirement Association v. Clearlend Securities, 2012 WL 2574819 (D.N.M. Unpublished Opinion June 29, 2012), Judge Browning held that PERA was an "arm of state" for the purposes of rejecting the removal of a case based on diversity. 2012 WL 2574819 at *26.

5

Given that both Eleventh Amendment and diversity issues concern whether a federal court has jurisdiction over a matter, so it is reasonable to infer that the analysis of whether an agency is an "arm of the state" is substantially identical for both purposes. Further, in determining that that PERA was an arm of the state for diversity purposes, Judge Browning utilized a five-factor test that essentially contained the Watson/Haldeman test. For instance, in Clearlend, the Court stated that "PERA is subject to a substantial degree of state control." Id. at *33. In so holding, the Court noted that

> The New Mexico Legislature enacted statutes requiring that the PERA: (i) hold four regular meetings a year with the time and place designated in advance; (ii) hold special meetings only upon the call of the chair or of three Board members; (iii) hold all meetings in compliance with the Open Meetings Act; (iv) have a quorum—a majority—present before making decisions; (v) hold annual meetings in Santa Fe, New Mexico; and (vi) keep all meetings open to the public. See N.M.S.A.1978, § 10–11–130(G)–(H). The New Mexico Legislature also specifies how the PERA Board should give notice to its members of any meeting it will conduct. See N.M.S.A.1978, § 10–11–130(G)–(H). These provisions force the PERA Board to meet certain minimum requirements. The New Mexico Legislature has also imposed guidelines that govern the exercise of the PERA's authority with respect to its investment powers. The PERA must conform with the Uniform Prudent Investor Act, N.M.S.A.1978, § 45–7–601. See N.M.S.A.1978, § 10–11–133(B). The PERA must provide quarterly performance reports and annual written investment policy reports to the Legislative Finance Committee and to the Department of Finance and Administration. See N.M.S.A.1978, § 10–11–133(C). *These provisions show that the State exercises oversight over the PERA.*

Id. at *30. (emphasis added)

The Court went on to note that PERA is subjected to the strict control of the state regarding disbursement of funds because:

> The State Treasurer is the PERA's treasurer and the custodian of its funds. See N.M.S.A.1978, § 101–11–131(D). The PERA may disburse funds "only upon warrants issued by the secretary of finance and administration based upon vouchers signed by the

6

> executive secretary or vouchers signed by the state treasurer for purposes of investment." N.M. S.A.1978, § 10–11–131(D). While the PERA may seem powerful, in that it has the authority to carry out and effectuate the PERA Act, it does not have access to the funds *necessary* to conduct its business without the State's blessing through the persons of the State Treasurer or of the Secretary of Finance and Administration. This lack of access to funds is a serious handicap that places the PERA in a subservient position to the State.

Id. at *31 (emphasis in original)

It is clear from this analysis that PERA meets the first prong of the Watson/Haldeman test, that of state control. Moreover, PERA also meets the second prong of the test, regarding lack of financial independence from the state. As the Court noted in Clearlend,

> The PERA has 59,620 active members, of which 25,227 are State members, and 27,972 retired members, of which 14, 138 are State members. *See* Second Motion to Remand at 28. Thus, approximately half of the PERA's members and half of its contributions are from the state. Additionally, although the State does not make general appropriations to the PERA, the New Mexico Legislature approves its budget and, without such approval, the PERA lacks the authority to draw the funds to operate.

Id. at *33. Moreover, the Court also determined that "although the PERA had a one-time influx of funds in 1946 through a membership fee, all parties agree that the PERA does not currently possess the ability to issue bonds or levy taxes." Id. at *34. This lack of financial independence demonstrates that PERA meets the second prong of the Watson/Haldeman test. Quite simply, it is well-settled that PERA is an "arm of the state" so, in the absence of any waiver or abrogation, the instant case is barred by the Eleventh Amendment. As set forth below, the State of New Mexico has not waived its Eleventh Amendment immunity, nor has such immunity been abrogated for the purposes of this case.

**d. Congress did not Abrogate Eleventh Amendment Immunity when it Passed 42 U.S.C. 1983, the only Independent Source of Jurisdiction in this Case**

As stated above, the only exceptions to Eleventh Amendment Immunity relevant to the present case are the situation where Congress has abrogated the immunity by statute, pursuant to its powers under §5 of the Fourteenth Amendment, or when the state waives its immunity. For a statute to be deemed to abrogate Eleventh Amendment immunity, a plaintiff has to demonstrate that Congress "unequivocally expressed its intent to abrogate the immunity; and whether Congress has acted pursuant to a valid exercise of power." Ward v. Presbyterian Health Services, 72 F. Supp. 2d 1285, 1290 (D.N.M. 1999), citing Florida Prepaid Postsecondary Educ. Expense Bd., 527 S. Ct. 2199, 2205 (1999). Plaintiff brought this case pursuant to 42 U.S.C. §1983. It is well-settled that, by passing §1983, Congress did not intend to abrogate a state's Eleventh Amendment immunity. "Section 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the states." Mojsilovic v. Okla. *ex rel* Bd. Of Regents for the Univ. of Okla., 101 F. Supp. 3d. 1137, 1142 (W.D. Okla. 2015), citing Quern v. Jordan, 440 U.S. 332, 345, 99 S. Ct. 1139, 1147 (1979). Accordingly, §1983 does not eliminate a state's Eleventh Amendment immunity.

**e. The State of New Mexico has not Waived Eleventh Amendment Immunity**

A state can waive its Eleventh Amendment immunity. "However, the test for determining whether a state has waived its immunity from Federal Court jurisdiction is a stringent one. A waiver will be found only if the state voluntarily invokes the Federal Court's jurisdiction, or else makes a 'clear declaration' that it intends to submit to that jurisdiction. The state's consent must be 'unequivocally expressed.'" Ward, 72 F. Supp. 2d at 1291, citing College

8

Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 119 S. Ct. 2219, 2226 (1999).

In Ward, this court held that although the state of New Mexico has abrogated sovereign immunity under certain circumstances, the state Tort Claims Act clearly indicates that jurisdiction over all claims against the state shall be in the state district courts.  Therefore, the state has not consented to suits in the federal courts. 72 F. Supp. at 1293.  Accordingly, the claim against PERA should be dismissed.

## VI.  CONCLUSION

Due to Eleventh Amendment immunity, this Court lacks jurisdiction over Plaintiff's claims, inasmuch as they are asserted over PERA.  PERA is an arm of the state of N.M., and, for the purposes of the instant case, Eleventh Amendment immunity has neither been waived nor abrogated. Accordingly, Defendant Public Employees Retirement Association of New Mexico Board respectfully requests that this Honorable Court dismiss the above styled cause as against it.

          Respectfully submitted,

          PARK & ASSOCIATES, L.L.C.

          By:  /s/ Lawrence M. Marcus
          Lawrence M. Marcus
          Alfred A. Park
          *Counsel for The Public Employees Retirement Association of New Mexico Board*
          3840 Masthead Street, N.E.
          Albuquerque, NM 87109
          (505) 246-2805

          By:  /s/ Jeffrey R. Rieger
          Jeffrey R. Rieger, *Pro Hac Pending*
          Harvey L. Leiderman, *Pro Hac Pending*
          *Counsel for The Public Employees Retirement*

9

*Association of New Mexico Board*
101 Second Street, Suite 1800
San Francisco, CA  94105
(415) 659-4883

I hereby certify a true and correct copy
of the above pleading was served by the
Courts Electronic Filing System to all parties
of record on this   17th   day of October 2019


/s/ Lawrence M. Marcus
Lawrence M. Marcus

10