# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

THE RETIRED PUBLIC EMPLOYEES OF
NEW MEXICO, INC.,

    Plaintiff,

    v.                                                             No. 1:19-cv-891-WJ-KK

THE PUBLIC EMPLOYEES RETIREMENT
ASSOCIATION OF NEW MEXICO BOARD,
WAYNE PROPST, and SUSAN PITTARD,

    Defendants.

## **MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

**THIS MATTER** is before the Court on Defendant Public Employees Retirement Association of New Mexico Board's (PERA) Motion to Dismiss [Doc. 16], filed October 17, 2019. Defendant PERA requests the Court dismiss the claims against it for lack of subject matter jurisdiction because it is entitled to sovereign immunity as an arm of the state. Plaintiff disputes Defendant PERA's assertion that it is an arm of the state. Doc. 25.

The Court weighs four factors when determining whether an entity is an arm of the state: the character ascribed to the entity under state law, the autonomy accorded the entity under state law, the entity's finances, and whether the entity is concerned primarily with local or state affairs. *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007).

The Court recognizes it is not writing on a blank slate. In 2012, Defendant PERA was determined to be an arm of the state in *Pub. Employees Ret. Ass'n of New Mexico v. Clearlend Sec.*, 2012 WL 2574819 (D.N.M. June 29, 2012). That finding is not controlling; however, it does serve as persuasive authority in support of finding that Defendant PERA is an arm of the state in this case.

## I. The character of Defendant PERA under New Mexico law.

This factor requires the Court to survey New Mexico law to ascertain whether Defendant PERA is identified as a state agency. *Steadfast Ins. Co.*, 507 F.3d at 1253. A state agency, in its simplest form, is an entity that acts on the state's behalf. *See Agency*, Black's Law Dictionary (11th ed. 2019). The New Mexico Legislature created Defendant PERA to act on its behalf: "The 'retirement board' is created and is the trustee of the association and the funds created by the state retirement system acts and has all the powers necessary or convenient to carry out and effectuate the purposes and provisions of the state retirement system acts." N.M. Stat. § 10-11-130(A).

The New Mexico Supreme Court has also identified Defendant PERA as a state agency. *Gill v. Pub. Employees Ret. Bd. of Pub. Employees Ret. Ass'n of New Mexico*, 135 N.M. 472, 475 (2004) (identifying Defendant PERA as "a state agency acting as the trustee for the various retirement funds"); *Rainaldi v. Pub. Employees Ret. Bd.*, 115 N.M. 650, 651 (1993) (identifying Defendant PERA as "a state agency created in the [Public Employees Retirement] Act"). The Tenth Circuit has as well. *Pub. Employees' Ret. Bd. v. Shalala*, 153 F.3d 1160 (10th Cir. 1998) (identifying Defendant PERA in the caption as a "statutory agent for the State of New Mexico").

Given the New Mexico Legislature created Defendant PERA to act on its behalf and the New Mexico Supreme Court and Tenth Circuit have identified Defendant PERA as a state agency, the Court finds that this factor weighs in favor of finding Defendant PERA an arm of the state.

## II. The autonomy accorded to Defendant PERA under New Mexico law.

This factor hinges on the degree of control the state of New Mexico exercises over Defendant PERA. *Steadfast Ins. Co.*, 507 F.3d at 1253. Although Defendant PERA has autonomy in that it "has all the powers necessary or convenient to carry out and effectuate the purposes and provisions of the state retirement system acts," that autonomy is limited. N.M. Stat. § 10-11-

130(A). The state of New Mexico exercises control over Defendant PERA in a number of ways. *See, e.g.,* § 10-11-130 (Retirement board; authority; membership), § 10-11-130.1 (Restrictions on receipt of gifts; restriction on campaign contributions; required reporting), § 10-11-131 (Retirement board; officers; employment of services), and § 10-11-132 (Investment of funds; prudent investor standard; indemnification of board members). The Court finds the fact that the New Mexico Legislature dictates Defendant PERA's composition, requiring the secretary of state and state treasurer to serve as officials, particularly indicative of the state of New Mexico's control over Defendant PERA. § 10-11-130(B).

The statutory provisions concerning Defendant PERA make clear that although it has autonomy, it is subject to a considerable degree of control by the state of New Mexico. The Court, therefore, finds that this factor weighs in favor of finding Defendant PERA an arm of the state.

**III. Defendant PERA's finances.**

When evaluating this factor, the Court considers the amount of funding Defendant PERA receives from the state of New Mexico and whether it has the ability to issue bonds or levy taxes. *Steadfast Ins. Co.*, 507 F.3d at 1253. Defendant PERA does not receive appropriated funds from the state of New Mexico. Defendant PERA is funded mainly by state of New Mexico employee retirement contributions, much of which comes from the state of New Mexico. *Clearlend Sec.*, 2012 WL 2574819, at *33 (explaining that approximately half of Defendant PERA's contributions come from the state of New Mexico).

Defendant PERA, however, has no ability to issue bonds or levy taxes. *Id.* Considering the Tenth Circuit has held that an entity's lack of ability to issue bonds or levy taxes renders an entity more like an arm of the state, this fact is dispositive as to this factor. *Steadfast Ins. Co.*, 507 F.3d

at 1255 (quoting *Sturdevant v. Paulsen*, 218 F.3d 1160, 1169-70 (10th Cir. 2000)). The Court, therefore, finds that this factor weighs in favor of finding Defendant PERA an arm of the state.

### IV. Whether Defendant PERA is concerned primarily with local or state affairs.

This factor requires the Court to examine Defendant PERA's function, composition, and purpose. *Id.* at 1253. The New Mexico Legislature created Defendant PERA to administer New Mexico's retirement system. N.M. Stat. § 10-11-130(A). The secretary of state, the state treasurer, and other state of New Mexico employees serve as Defendant PERA's officials. § 10-11-130(B). Defendant PERA's function, composition, and purpose is also subject to a considerable degree of control by the New Mexico Legislature, evidenced by the statutory provisions listed in section II. The Court is not aware of anything that suggests Defendant PERA is primarily concerned with local affairs. The Court, therefore, finds that this factor weighs in favor of finding Defendant PERA an arm of the state.

Plaintiff argues Defendant PERA is not an arm of the state because it is similar to the New Mexico Lottery Authority (NMLA), which was determined not to be an arm of the state in *Lucero v. New Mexico Lottery*, 2008 WL 7467977 (D.N.M. July 7, 2008). Doc. 25 at 5-14. In making this argument, Plaintiff disregards the fact that the New Mexico Legislature explicitly created the NMLA to be a separate entity: "The legislative language actually creating the NMLA states that '[t]here is created a public body, politic and corporate, *separate and apart from the state*, constituting a governmental instrumentality to be known as the 'New Mexico lottery authority.'"" *Lucero*, 2008 WL 7467977, at *2 (brackets and *emphasis* in original) (quoting N.M. Stat. § 6-24-5(A)). The Court determined the NMLA was not an arm of the state because it was "structured to be self-sustaining, it is self-funded, it is characterized by the legislature as independent of the state, and it appears to operate largely independently on a day-to-day basis." *Id.* at *6. Defendant PERA

differs in that it is not characterized by the legislature as independent of the state and does not operate independently, evidenced by the statutory provisions listed in section II and the fact that New Mexico's secretary of state and state treasurer serve as its officials. After analyzing the four factors the Tenth Circuit set out in *Steadfast Ins. Co.*, the Court finds, consistent with *Clearlend Sec.,* that Defendant PERA is an arm of the state and, as a result, is entitled to sovereign immunity.

**IT IS THEREFORE ORDERED** that Defendant PERA's Motion to Dismiss [Doc. 16] is **GRANTED**. The claims against PERA are dismissed because there is no subject matter jurisdiction based on the finding that Defendant PERA is an arm of the State of New Mexico and thus, PERA is entitled to sovereign immunity.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**