IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE RETIRED PUBLIC EMPLOYEES OF
NEW MEXICO, INC.,

        Plaintiff,

        v.                                                             No. 1:19-cv-891-WJ-KK

THE PUBLIC EMPLOYEES RETIREMENT
ASSOCIATION OF NEW MEXICO BOARD,
WAYNE PROPST, and SUSAN PITTARD,

        Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING THE CLAIMS AGAINST DEFENDANTS WAYNE PROPST AND SUSAN PITTARD

**THIS MATTER** is before the Court on Defendants Wayne Propst and Susan Pittard's Motion for Summary Judgment [Doc. 37], filed February 6, 2020. This case concerns allegations that The Public Employees Retirement Association of New Mexico Board (PERA) allowed its executive director to improperly increase compensation for himself and other employees from funds designated for retiree benefits. Plaintiff's complaint contains six claims: three under 42 U.S.C. § 1983 (Procedural Due Process, Substantive Due Process, and Unlawful Taking), two under the New Mexico Constitution (Procedural Due Process and Substantive Due Process), and one under New Mexico Common Law (Breach of Fiduciary Duty). Doc. 1.

On January 24, 2020, the Court granted PERA's Motion to Dismiss [Doc. 16], in which PERA argued it was an arm of the State of New Mexico and that Eleventh Amendment immunity applied. The Court ultimately concluded that PERA was an arm of the State of New Mexico and dismissed PERA from the case. Doc. 34. Two weeks later, Defendants Propst and Pittard filed the subject motion arguing that (1) Plaintiff lacks standing, (2) Defendants are entitled to qualified

immunity from Plaintiff's federal constitutional claims, (3) there is no private right of action for damages for alleged violations of the New Mexico Constitution, (4) Defendants are immune under the Tort Claims Act from claims for violating fiduciary duty, and (5) Plaintiff's claims are barred in whole or part by the applicable statutes of limitation.

In their motion, Defendants Propst and Pittard do not specifically address whether the Court's dismissal of PERA has an impact on whether they are also entitled to the protections of Eleventh Amendment immunity for Plaintiff's §1983 claims. They did, however, consent to PERA's Motion to Dismiss based on Eleventh Amendment immunity. Doc. 16 at 1 n.1 ("Counsel for the individual Defendants consent to this Motion."). It is therefore clear that the State of New Mexico has fully asserted its Eleventh Amendment immunity and that it has not been waived as to either the State or to these two PERA employees. As explained in this Memorandum Opinion and Order, the Court finds that Eleventh Amendment immunity bars the § 1983 claims against Defendants Propst and Pittard and, therefore, the § 1983 claims against them must be dismissed.

I.      **42 U.S.C. § 1983 Claims**

Plaintiff alleges in the complaint's caption that it is suing Defendants Propst and Pittard in their individual capacities under § 1983. "In discerning whether a lawsuit is against a defendant personally or in his official capacity, the caption may be informative but clearly is not dispositive." *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993). Because the caption is not dispositive, the Court must examine the nature of the claims rather than stop at the label Plaintiff gives them when determining whether a lawsuit is against a defendant in his individual or official capacity. When viewing Plaintiff's complaint in its entirety, it is clear that Plaintiff is suing Defendants Propst and Pittard for official wrongdoing rather than wrongdoing carried out in their individual capacities:

> Since Propst has been the Executive Director of PERA, Propst has unilaterally, without consultation with or the approval of the PERA Board, has approved and

> allocated raises in compensation to himself and exempt employees.
>
> Throughout the period of time relevant hereto, Defendant Pittard, who serves as PERA's General Counsel and Chief of Staff, has counseled, promoted, and supported the unlawful violations of New Mexico statutes depositing exclusive and complete authority in the PERA Board on matters pertaining to compensation and benefits of exempt authorities.

Doc. 1 at ¶¶ 27 and 31. Further, a "suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer personally." *Cornforth v. Univ. of Oklahoma Bd. of Regents*, 263 F.3d 1129, 1133 (10th Cir. 2001) (quoting *Alden v. Maine*, 527 U.S. 706, 757 (1999)). The fact that Plaintiff is seeking damages that would ultimately come from the State of New Mexico rather than from Defendants Propst and Pittard personally also indicates that Plaintiff's claims are actually against the state:

> [Plaintiff] seeks damages in the form of lost retirement benefits for its members in an amount to be determined at trial.
>
> [Plaintiff] seeks the statutory remedy of the return to the PERA beneficiaries the value of lost retirement benefits or a greater value in relation to the unlawful salary and benefit accrued over the past five (5) years.

*Id.* at ¶¶ 96 and 97.

The Court finds that Plaintiff's § 1983 claims against Defendants Propst and Pittard must be dismissed for three reasons:

First, in alleging official wrongdoing by Defendants Propst and Pittard, Plaintiff is suing them in their official capacity, which means that Plaintiff's § 1983 claims are actually being asserted against PERA, which is an arm of the State of New Mexico and, therefore, immune from suit in federal court under the Eleventh Amendment. The Tenth Circuit has made this clear:

> "The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Wagoner Cnty. Rural Water Dist. No. 2. v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009). And because "an official-capacity suit is, in all respects other than name, to be treated

> as a suit against the entity," the Eleventh Amendment provides immunity "when [s]tate officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 166, 169 (1985).

*Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013).

Second, as discussed earlier, Plaintiff seeks money damages in the form of lost retirement benefits which would ultimately come from the State of New Mexico. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

Third, aside from Eleventh Amendment immunity, Plaintiff's § 1983 claims cannot stand because a state is not a "person" for purposes of § 1983. *See Ross v. The Bd. of Regents of The Univ. of New Mexico*, 599 F.3d 1114, 1117 (10th Cir. 2010) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.") (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).

## II.    State Law Claims

Plaintiff's remaining claims are based on New Mexico state law: two under the New Mexico Constitution (Procedural Due Process and Substantive Due Process) and one under New Mexico Common Law (Breach of Fiduciary Duty). Doc. 1. Absent a showing that "the parties have already expended a great deal of time and energy on the state law claims . . . a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial." *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002). The Court, therefore, declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").

**IT IS THEREFORE ORDERED** that:

(1) The Court dismisses Plaintiff's 42 U.S.C. § 1983 claims against Defendants Propst and Pittard based on Eleventh Amendment immunity and the fact that a state is not a "person" for purposes of § 1983, and

(2) The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Defendants Propst and Pittard.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**